# EXHIBIT B

Case 1:04-cv-10669-DPW    Document 12-3    Filed 11/16/2004    Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, ) | CIVIL ACTION |
| ) | No. 96-10804-DPW |
| Plaintiff, ) | No. 1:04-CV-10648-DPW |
| ) | [Abarca Bostik] |
| ) | No. 1:04-CV-10649-DPW |
| ) | [Alwell Asbestos] |
| v. ) | No. 1:04-CV-10668-DPW |
| ) | [Maritime Asbestos] |
| ) | No. 1:04-CV-10669-DPW |
| THE BLACK & DECKER CORPORATION, ) | [Maritime Hearing Loss] |
| BLACK & DECKER, INC., BLACK & DECKER ) | No. 1:04-CV-10676-DPW |
| (U.S.) INC., EMHART CORPORATION, and ) | [Pennsylvania Benzene] |
| EMHART INDUSTRIES, INC., ) | No.1:04-CV-10670-DPW |
| ) | [Medway] |
| Defendants. ) | No. 1:04-CV-10665-DPW |
| ) | [PAS Fulton] |
| | No. 1:04-CV-10675-DPW |
| | [PAS Oswego] |

## AFFIDAVIT OF M. CLAYTON ROOP

I, M. Clayton Roop, hereby depose and say:

1. I am the Director of Corporate Risk Management for Black & Decker and have held that that title since 1989. My duties in this position include responsibility for Black & Decker's insurance program and its risk management program.

2. My duties include reviewing and maintaining a record of expenses in various long-term exposure claims, including the following long-term exposure claims that are at issue in this action: Abarca Bostik, Alwell Asbestos, Maritime Asbestos, Maritime Hearing Loss and Pennsylvania Benzene ("Five Long-Term Exposure Claims").

3. I understand that Liberty Mutual, in a memorandum filed in this action, has questioned whether Black & Decker has paid the invoices of local counsel who represented it

in connection with the Five Long-Term Exposure Claims ("Five Long-Term Exposure Claims Local Counsel Invoices") and invoices from an investigator and a copying service in connection with the Maritime Asbestos claim ("Maritime Asbestos Direct Disbursement Invoices").

4. In connection with the cases as to which I review expenses, it is, and has been, the usual business practice of Black & Decker to pay the invoices of local counsel within sixty days of receipt of same. It is my understanding that Black & Decker followed that practice in connection with the Five Long-Term Exposure Claims Local Counsel Invoices and the Maritime Asbestos Direct Disbursement Invoices.

5. Black & Decker has not been advised by the vendors that any of the Five Long-Term Exposure Claims Local Counsel Invoices or the Maritime Asbestos Direct Disbursement Invoices have not been paid.

6. With the exception of the payment that Liberty Mutual made in February, 2002, Black & Decker has not received reimbursement from any insurer for amounts it paid in connection with the Five Long-Term Exposure Claims Local Counsel Invoices or the Maritime Asbestos Direct Disbursement Invoices.

7. Under my supervision, Black & Decker is conducting a review of its business records to confirm that it has paid each of the Five Long-Term Exposure Claims Local Counsel Invoices and the Maritime Asbestos Direct Disbursement Invoices. That review is ongoing and

to date contains information confirming payment of substantially all the invoices.

I declare under penalty of perjury that the foregoing is correct.

_____            November 16, 2004
M. Clayton Roop